The most obvious, and perhaps most important distinction, is that both *Jacob's* and *Powell* involved two private parties, neither of whom was the subject of sovereign immunity. The present case involves the commonwealth, which is constitutionally and legislatively immune from suit. The supposed sameness of assets at risk would not be sufficient reason to disregard the constitutional and legislative imperatives. If this were the case, then an aggrieved party in a suit involving a commonwealth agency would merely need to name the immune commonwealth or an unascertained John Doe party and not be concerned with determining the correct party to sue even after the statute of limitations had run. The aggrieved party's counsel would be under no compulsion to act with due diligence in determining the correct party, regardless of the fact that the correct party would have neither notice of the suit nor repose from it.

Additionally, the party substitutions in both *Jacob's* and *Powell* constituted, for all practical purposes, one and the same legal entity in each case. The same cannot be said for the commonwealth and any of its agencies. In the present case the appellants sued the wrong party and now seek to amend their complaint to substitute another and distinct party. Finally, in *Jacob's*, the plaintiff was allowed to amend his complaint and change the plaintiff's name in the caption. The defendant's name never changed and the defendant was given proper notice of a suit in which the same pool of defendant's assets was subject to liability regardless of the amendment of the plaintiff's caption. In *Powell*, the plaintiff merely sought to change the description of the defendant "already made a party to the proceedings." *Powell* at 865.

In the present case, the plaintiff seeks to name a new defendant, one whose assets, although ultimately arising from the same tax base, are not congruent with those of the commonwealth, and one that was not a party to the proceedings. The department

asset pool consists of funds specifically allocated for the department's use, while the asset pool of the commonwealth would necessarily encompass the specifically allocated funds of all departments. While the amount of compensation sought is the same regardless of the source (the commonwealth or its agency), the assets of the commonwealth are not the same as the assets of any of its agencies.

The commonwealth court erred when it held that the addition of a commonwealth agency was permissible as a mere correction of the caption. The commonwealth and its agencies are distinct legal entities; the substitution of one for the other amounts to the addition of a new party and is impermissible after the statute of limitations expires.

Judgment reversed.

SYLVAN INDUSTRIAL PIPING, INC.

v.

EICHLEAY CORPORATION and
Wheeling Nisshin Steel
Corporation.

Petition of Eichleay Corporation,
a Delaware Corporation.

Supreme Court of Pennsylvania.

Aug. 25, 1999.

David E. White, Pittsburgh, for petitioner.

## ORDER

PER CURIAM:

**AND NOW**, this 25th day of August 1999, the Petition for Allowance of Appeal is GRANTED, limited to the following issues:

1. Whether the trial court had jurisdiction to rule on the motion for counsel fees during the pendency of an appeal?

2. Whether the Superior Court erred in ruling on the merits of the appeal without a 1925(a) statement from the trial court?

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Jamal MURRAY, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 25, 1999.

## ORDER

PER CURIAM:

**AND NOW**, this 25th day of August, 1999, the Petition for Allowance of Appeal is GRANTED, limited to the following issue:

Did the PCRA court err by dismissing Appellant's PCRA petition as untimely filed without first holding an evidentiary hearing to determine whether Appellant's trial counsel was ineffective for failing to file a timely direct appeal on his behalf?

The instant appeal is to be submitted on the briefs to this Court.

**JWP/HYRE ELECTRIC COMPANY OF INDIANA, INC., an Indiana Corporation**

v.

**EICHLEAY CORPORATION, a Delaware Corporation**

v.

**Wheeling–Nisshin, Inc. a Delaware Corporation.**

**Petition of Eichleay Corporation, a Delaware Corporation.**

Supreme Court of Pennsylvania.

Aug. 25, 1999.

David E. White, Pittsburgh, for petitioner.

## ORDER

PER CURIAM:

**AND NOW**, this 25th day of August 1999, the Petition for Allowance of Appeal is GRANTED, limited to the following issues:

1. Whether the trial court had jurisdiction to rule on the motion for counsel fees during the pendency of an appeal?

2. Whether the Superior Court erred in ruling on the merits of the appeal